[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On March 3, 2000, this matter came on for hearing following default of the defendant, wherein the plaintiff claims damages as a result of the defendant's negligent performance of work to install a second floor dormer on the plaintiff's home at 164 Szost Drive in Fairfield. The plaintiff's complaint is in several counts including fraudulent concealment, recklessness, unintentional infliction of mental distress and CUTPA. As to these causes of actions including the concomitant claim for punitive damages, the court finds that the plaintiff has not satisfied his burden of proof, and the court therefore denies the plaintiff's claim for punitive damages in this case.
Before the court is the fourth amended complaint dated April 7, 1999. With respect to the fourth count (Breaches of Contract) and the fifth count (Breach of Contract as to Defective/Poor Workmanship), the court regards them as identical as each claim is a breach due to allegedly defective work performed by the defendant. The sixth count (Negligence) and one contract count will be considered by the court as a basis for an award of damages to the plaintiff.
The court finds that the defendant was engaged to erect and add a second floor dormer to plaintiff's home, which work was not completed. CT Page 13375 The contract price for this work was $25,150. The plaintiff has paid the defendant $23,299 leaving an unpaid balance of $2,211. Further, the court finds from the testimony of Robert F. Moffitt, a residential contractor with 25 years of experience, and an affidavit of Greg D. Jones, a contractor with 12 years experience in the home improvement construction business, that the defendant was indeed negligent in the manner in which he performed his work pursuant to the instant contract.
The court concludes that the plaintiff has incurred damages and losses made necessary by the negligent workmanship of the defendant and required to complete the dormer addition as contemplated and set out by the contract as follows:
1. Cost of materials as evidenced by receipts from West End Lumber, Home Depot and for chimney flashing — $2,321.72.
2. As per testimony of Robert F. Moffit as to cost of repair and completing defendant's work — $14,638.56.
3. Expenses made necessary to repair damage to the first floor — $4,331.07.
The court has considered whether to include as recoverable damages $5,855 paid by the plaintiff to Gregory 0. Jones pursuant to Mr. Jones' affidavit. The plaintiff's testimony was that some of the account was for damage included in Mr. Moffit's estimate; however, there is no evidence before the court as to what portion of this amount was duplicative and what portion was not. Therefore, the court declines to include the amount paid to Mr. Jones as damages in this case.
Therefore, judgment may enter in favor of the plaintiff Edward Tang to recover of the defendant Malek Boo-Fahreddine the sum of $21,291.35.
Accordingly, the plaintiff shall recover $21,291.35 damages plus recoverable costs of suit.
SKOLNICK, J.